UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL CASE NO. 23-26-DLB-CJS

UNITED STATES OF AMERICA                                               PLAINTIFF

v.                            **MEMORANDUM OPINION AND ORDER**

DALTON SAMUEL BROOKS                                              DEFENDANT

* *  * *  * *  * *  * *  * *  * *  * *  * *

This matter is before the Court upon Defendant Dalton Brooks's Motion to Dismiss. (Doc. # 14).  The United States has filed a Response in Opposition (Doc. # 19), and Brooks has filed a Reply (Doc. # 20).  For the reasons set forth herein, Brooks's Motion to Dismiss will be **denied**.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On June 8, 2023, Brooks was indicted on one count of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1) and one count of receipt or possession of an unregistered short-barreled shotgun in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.  (Doc. # 1).  Brooks's criminal history includes two previous Ohio felony convictions for failure to comply with an order or signal of a police officer and aggravated drug trafficking.  (Doc. # 19 at 2).

On July 24, 2023, Brooks moved to dismiss the § 922(g)(1) and § 5861(d) charges in his Indictment, arguing that the charges are unconstitutional as applied to him in light of the Supreme Court's decision in *New York Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).  (Doc. # 14).  The United States filed a Response, arguing that *Bruen*

did not disturb the constitutionality of the firearms statutes and that even under the new *Bruen* test, the statutes are consistent with the Nation's historical tradition of firearm regulation.  (Doc. # 19).  Brooks filed a Reply, arguing that the United States failed to meet its burden and the Motion to Dismiss should be granted.  (Doc. # 20).  The Court will consider the arguments herein.

## II.    ANALYSIS

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. II.  The Supreme Court held in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. 742 (2010) that the Second Amendment guarantees "the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense."  *Bruen*, 142 S. Ct. at 2122.  In June 2022, the Supreme Court decided *Bruen* and held that the Second Amendment also protects "an individual's right to carry a handgun for self-defense outside the home."  *Id.*  The Supreme Court established a new, two-step approach to assess the constitutionality of a law that restricts the right to bear arms.  *Id.* at 2129-30.  First, "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct."  *Id.*  Second, when a regulation burdens such conduct, "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."  *Id.* at 2130.

Although the issue in *Bruen* was whether a New York licensing regime requiring a showing of "proper cause" for handgun carrying permits was constitutional, criminal defendants across the country have flooded the lower courts with motions to dismiss,

arguing that *Bruen* has called into question various criminal statutes related to the possession of firearms.  However, *Bruen* repeatedly described the Second Amendment's application to "law-abiding" citizens.  *See id.* at 2122, 2131, 2133-34, 2138, 2150, 2156. *Bruen* also affirmed *Heller* and *McDonald*, noting that these cases "recognized that the Second and Fourteenth Amendments protect the right of an ordinary, *law-abiding* citizen to possess a handgun in the home for self-defense . . . consistent with *Heller* and *McDonald*."  *Id.* at 2122 (emphasis added).

In *Heller,* the Supreme Court specifically noted that the opinion did not disturb "longstanding prohibitions on the possession of firearms by felons" and *McDonald* emphasized that notation.  *Heller*, 554 U.S. at 626; *McDonald*, 561 U.S. at 786.  Thus, by explicitly affirming the holdings in *Heller* and *McDonald*, *Bruen* did not invalidate the firearms statutes that Brooks has been charged with violating.  *See Bruen*, 142 S. Ct. at 2122; *id.* at 2157 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun . . . Nor have we disturbed anything that we said in *Heller* or *McDonald* . . . about restrictions that may be imposed on the possession or carrying of guns."); *id.* at 2162 (Kavanaugh, J., joined by Roberts, C.J., concurring) ("as *Heller* and *McDonald* established and the Court today again explains . . . Properly interpreted, the Second Amendment allows a 'variety' of gun regulations.") (quoting *Heller*, 554 U.S. at 636).  Though Brooks challenges these statements as dicta, lower courts are "obligated to follow Supreme Court dicta, particularly where there is not substantial reason for disregarding it, such as age or subsequent statements undermining its rationale."  *Am. C.L. Union of Ky. v. McCreary Cnty., Ky.*, 607 F.3d 439, 447 (6th Cir. 2010) (quoting *United States v. Marlow*, 278 F.3d 581, 588 n.7

(6th Cir. 2002)).

Even if *Bruen* had not specifically upheld *Heller* and *McDonald*, the two firearms charges that Brooks faces are still constitutional under the *Bruen* analysis.  The first step of the *Bruen* analysis requires a court to determine whether the Second Amendment plain text covers an individual's conduct.  *Bruen*, 142 S.Ct. at 2129-30.  In a recent Order, this Court agreed with other courts  in this Circuit and held that the plain text of the Second Amendment does cover a criminal defendant charged with being a felon in possession. *See United States v. Benton*, No. 0:23-cr-8-DLB-CJS (E.D. Ky. Sept. 15, 2023), ECF No. 29 (citing *United States v. Goins*, 5:22-cr-91-GFVT-MAS-1, 2022 WL 17836677, at *7 (E.D. Ky. Dec. 21, 2022) and *United States v. Dobbs*, No. 22-20068, 2023 WL 4596756, at *1 (E.D. Mich. July 18, 2023)).  The Court reiterates that conclusion here, finding that Brooks is considered part of "the people" granted rights under the Second Amendment. However, Brooks's Motion will be denied because restrictions on a felon's possession of a firearm fall within the Nation's historical tradition of firearms regulation and §§ 5841, 5861(d), and 5871 regulate conduct outside of the scope of the Second Amendment.

### 1.    Count 1 – 18 U.S.C. § 922(g)(1)

Brooks argues that 18 U.S.C. § 922(g)(1) is facially unconstitutional in light of *Bruen*.  (Doc. # 22 at 2).  Section 922(g)(1) states that it shall be unlawful for any person convicted of a felony to possess a firearm.  As noted above, Brooks is considered part of "the people" granted rights under the Second Amendment. *See Goins*, 2022 WL 17836677, at *7.  Thus, under *Bruen*, the United States has the burden of showing that this Nation has a historical tradition of disarming individuals convicted of felonies.  *See Bruen*, 142 S. Ct. at 2130.  The Court finds the United States has made this showing.

4

### i.      History supports § 922(g)(1)'s constitutionality

To meet its burden, the United States must show that there are historical laws analogous to the regulation at issue.  *Id.*  What is required is a "historical *analogue*, not a historical *twin*."  *Id*. at 2133 (emphasis in original).  To consider whether the statute at issue is sufficiently analogous, the Supreme Court provides two metrics to consider: "how and why the regulations burden a *law-abiding citizen's* right to armed self-defense."  *Id*. (emphasis added).  This can be considered as two questions: "whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified."  *Id*.

The United States conducts a thorough review of this Nation's history to show that § 922(g)(1) imposes a comparable burden to historical regulations.  (*See* Doc. # 19 at 14-26).  *Bruen* reaffirmed that "[t]hroughout modern Anglo-American history, the right to keep and bear arms in public has traditionally been subject to well-defined restrictions."  *Id.* at 2111.  One such restriction was that "individuals could not carry deadly weapons in a manner likely to terrorize others."  *Id.*  The United States argues that disarming individuals convicted of felonies is supported by history because the Second Amendment right to keep and bear arms has historically "not extend[ed] to persons who posed a danger to the state or community."  (Doc. # 19 at 21).  In support of this argument, the United States points to both English common law and late-18th century and early-19th century American laws that limited the rights of felons and other dangerous individuals to meet its burden that felons have been traditionally excluded from firearms possession.  (*Id.* at 21-26).

## ii.    Decisions within this Circuit support a finding of § 922(g)(1)'s constitutionality

Although the Sixth Circuit has not directly addressed the constitutionality of §
922(g)(1) post-*Bruen*, other courts in this district and within this Circuit have held that the
statute remains constitutional. *See Goins*, 2022 WL 17836677, at *13;  *United States v.
Taylor*, No. 3:22-cr-22-GFVT-EBA, 2023 WL 1423725, at *5 (E.D. Ky. Jan. 31, 2023),
*appeal filed*, No. 23-5644 (6th Cir. 2023); *Dobbs*, 2023 WL 4596756, at *3; *United States
v. Parker*, No. 3:220cr082-RGJ, 2023 WL 3690247 (W.D. Ky. May 26, 2023); *United
States v. Carter*, No. 22-20477, 2023 WL 3319913, at *2 (E.D. Mich. May 9, 2023).
Without Sixth Circuit case law to the contrary, this Court finds that § 922(g)(1) is
constitutional as applied to Brooks despite the new test outlined in *Bruen*.

Brooks relies on the Third Circuit's interpretation in *Range v. Att'y Gen. United
States of Am.* to support his argument that § 922(g)(1) is unconstitutional in light of *Bruen*.
(Doc. # 14 at 7) (citing 69 F.4th 96, 99 (3rd Cir. 2023)).  This case is inapplicable to
Brooks's Motion for two reasons.  First, *Range* is merely persuasive to this Court as it is
outside of the Sixth Circuit.  Second, the Third Circuit determined that § 922(g)(1) was
unconstitutional only as applied to that particular defendant.  *See* 69 F.4th at 106 ("Our
decision today is a narrow one.").  In *Range*, the defendant had a previous felony
conviction for making a false statement on a food stamps application, and the Third Circuit
reasoned that the government had not shown that the Nation's historical tradition of
firearms regulation supported depriving the defendant of his Second Amendment right to
possess a firearm on that basis.  *See id.* at 105-06.  Brooks asks this Court to view his
previous felonies in the same light as Range's conviction for a false statement on a food
stamps application.  (*See* Doc. # 14 at 11).  But Brooks has a previous felony for

aggravated drug trafficking, and other courts in this District have considered drug felonies to be inherently violent.  *See Goins*, 2022 WL 17836677, at *13 ("Serious drug offenses, like distribution or possession with intent to distribute, are inherently violent offenses that justify disarming those who commit them.") (quoting *United States v. Torres-Rosario*, 658 F.3d 110, 113 (1st Cir. 2011)).

Additionally, the Eighth Circuit recently concluded that § 922(g)(1) was constitutional as applied to a defendant with a prior felony for a drug trafficking conviction like Brooks.  *See United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023).  The Fifth Circuit also recently denied a challenge to a conviction based on § 922(g)(1) and *Bruen*, holding it was not clear error for a district court to deny a challenge "[b]ecause there is no binding precedent explicitly holding that § 922(g)(1) is unconstitutional on its face or as applied." *United States v. Garza*, No. 22-51021, 2023 WL 4044442 (5th Cir. June 15, 2023).  Based on the opinions of the Fifth and Eighth Circuits, an absence of case law directly on point from the Sixth Circuit, and the narrow holding in *Range*, this Court declines to adopt *Range*'s reasoning.  Thus, Brooks's Motion to Dismiss is **denied** with respect to his charge under § 922(g)(1).

### 2. Count 2 – 26 U.S.C. § 5861(d)(2)

Brooks faces an additional count of receipt or possession of an unregistered short-barreled shotgun in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.  (Doc. # 1).  He argues that it would have been "impossible" for him to comply with the registration statutes due to his status as a convicted felon, and that the statutes are not supported by a historical tradition of firearms regulation.  (Doc. # 14 at 11).  He also argues that "the Second Amendment provides the people the right to possess firearms and any restriction,

including registration based on the statute charged, is unconstitutional in the same manner" as his charge under § 922(g)(1).  (Doc. # 14 at 11).

The United States counters that the Second Amendment does not support the carrying of short-barreled shotguns, citing to the text in *Heller* addressing this issue specifically.  (Doc. # 19 at 29) (citing *Heller*, 554 U.S. at 625) (stating that the "Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns.") (quoting *United States v. Miller*, 307 U.S. 174, 175-78 (1939)).  The United States also argues that regulation of short-barreled shotguns is rooted in the historical tradition of firearms regulation, and that *Bruen* held registration requirements such as § 5861 permissible so long as the licensing regime is open to ordinary, law-abiding citizens.  (*Id.* at 30) (citing *Bruen*, 142 S. Ct. at 2161) (Kavanaugh, J., concurring)).  Finally, the United States argues that it was not impossible for Brooks to comply with § 5861, because he could have simply declined to possess the firearms at issue.  (*Id.* at 31) (citing *United States v. Bournes*, 339 F.3d 396, 399 (6th Cir. 2003) (holding that a defendant could comply with § 922(o) and § 5861(d) simply by electing not to possess the machine guns at issue in the case)).

*Bruen* emphasized that there is no "right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose."  142 S. Ct. at 2128 (quoting *Heller*, 554 U.S. at 626).  In *Bruen*, the Supreme Court held that a New York licensing scheme that required a person seeking a concealed-carry permit to demonstrate "proper cause" for doing so "violate[d] the Fourteenth Amendment in that it prevent[ed] law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms."  *Id.* at 2156.  Owning a short-barreled shotgun is not an "ordinary self-defense

need," as noted by the Supreme Court in *Heller*.   554 U.S. at 625 ("The Second Amendment does not protect those weapons not typically used by law-abiding citizens for lawful purposes, *such as short-barreled shotguns*.") (referencing *Miller*, 307 U.S. at 174) (emphasis added)).   The Supreme Court was explicit about the holding in *Bruen* affirming the holdings in *Heller* and *McDonald*.   *Bruen*, 142 S. Ct. at 2122 ("individuals have a right to possession of a handgun for self-defense outside the home 'consistent with *Heller* and *McDonald*.'"); *see also id.* at 2157 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun . . . Nor have we disturbed anything that we said in *Heller* or *McDonald* . . . about restrictions that may be imposed on the possession or carrying of guns."); *id.* at 2162 (Kavanaugh, J., joined by Roberts, C.J., concurring) ("as *Heller* and *McDonald* established and the Court today again explains . . . Properly interpreted, the Second Amendment allows a 'variety' of gun regulations.") (quoting *Heller*, 554 U.S. at 636).

Brooks asks the Court to hold that the registration requirements in §§ 5841, 5861(d), and 5871 are unconstitutional because he was unable to register his short-barreled shotgun due to his felony conviction.   (Doc. #14 at 11).   As noted above, restrictions on firearms possession by convicted felons remain permissible after *Bruen*. And § 5861 does not prohibit the unregistered possession of all firearms–it regulates unregistered possession of "unusual or dangerous" firearms as defined under 26 U.S.C. § 5845.   Because § 5845 firearms are considered unusual and dangerous, they fall outside the Second Amendment's scope, as explicitly stated in *Bruen* and *Heller*.   *Bruen*, 142 S. Ct. at 2122.   Though district courts within the Sixth Circuit have not yet addressed challenges to charges of § 5681 post-*Bruen*, other district courts have come to the same

conclusion that § 5861 regulates conduct outside of the Second Amendment and is therefore permissible following *Bruen*. *See United States v. Wuchter*, No. 23-CR-2024-CJW-MAR, 2023 WL 4999862 (N.D. Iowa Aug. 4, 2023) (collecting cases holding same). The Court agrees with the reasoning presented in these cases and agrees that Brooks's conduct of failing to register a short-barreled shotgun is outside of the scope of the Second Amendment because it is an "unusual or dangerous" firearm. *Bruen*, 142 S. Ct. at 2122 ("individuals have a right to possession of a handgun for self-defense outside the home 'consistent with *Heller* and *McDonald*.'"). Because these statutes regulate conduct outside of the scope of the Second Amendment, it is not necessary for the Court to engage in an analysis of whether the statutes are consistent with the Nation's historical tradition of firearms regulation. Thus, Brooks's Motion to Dismiss is denied with respect to his charges under §§ 5841, 5861(d), and 5871.

## III. CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1)     Defendant's Motion to Dismiss (Doc. # 14) is **DENIED**; and

(2)     This matter is set for a **Scheduling Conference** on **October 25, 2023 at 8:00 a.m. in Covington, Kentucky,** to discuss rescheduling the trial date in this matter.

This 18th day of October, 2023.



Signed By:

*David L. Bunning*  $\mathcal{DB}$

**United States District Judge**

K:\DATA\ORDERS\Covington Criminal\2023\23-26 Order Denying MTD.docx