

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 23-26-DLB

UNITED STATES OF AMERICA                                          PLAINTIFF

V.                          **PLEA AGREEMENT**

DALTON SAMUEL BROOKS                                              DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 1 and 2 of the Indictment, charging violations of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) and 26 U.S.C. § 5861(d) (possession of an unregistered weapon made from a shotgun with overall length less than 26 inches or barrel length less than 18 inches), respectively. The Defendant reserves the right to appeal the District Court's order denying his motion to dismiss Counts 1 and 2 of the Indictment [R. 14: Motion to Dismiss; R. 22: Opinion and Order], specifically limited to the following: (1) whether the Court erred in determining that the United States made the requisite showing that this Nation has a historical tradition of disarming individuals convicted of felonies; (2) whether 18 U.S.C. § 922(g)(1) is constitutional as applied to the Defendant; and (3) whether the Court erred in determining that 26 U.S.C. 5861(d) regulates conduct outside the Second Amendment and is therefore permissible following the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111

(2022). [R. 22: Opinion and Order.] If the Defendant prevails on the appeal of the aforementioned order, he may then withdraw his guilty plea, but only as to the Count(s) he prevails on. Under no other circumstances may the Defendant withdraw his guilty plea.

2. The essential elements of Count 1 are:

(a) The Defendant knowingly possessed the firearms charged in the Indictment – that is, a weapon made from a Harrington and Richardson Topper model 88, 12-gauge shotgun, bearing serial number AX472867, that had been modified to have an overall length of less than 26 inches and a barrel length less than 18 inches, and a ZhongZhou Machine Works, model JW-200, 12-gauge shotgun, bearing serial number JWC108214;

(b) At the time the Defendant possessed the firearms, he had been previously convicted of a crime punishable by imprisonment exceeding one year, that is, a felony;

(c) The Defendant knew that he was a felon; and

(d) The possession of the firearms was in or affecting interstate or foreign commerce.

3. The essential elements of Count 2 are:

(a) The Defendant knowingly possessed the firearm charged in the Indictment – that is, a weapon made from a Harrington and Richardson Topper model 88, 12-gauge shotgun, bearing serial number AX472867, that had been modified to have an overall length of less than 26 inches and a barrel length less than 18 inches;

(b) The Defendant knew of the characteristics of the firearm – that is, that it was a weapon made from a shotgun that had been modified to have an overall length of less than 26 inches or a barrel length less than 18 inches;

(c) The firearm was or could readily have been put in operating condition; and

(d) The firearm was not registered to the Defendant in the National Firearms Registration and Transfer Record.

4. The United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

(a) On April 13, 2023, the Maysville Police Department received a tip that the Defendant and others were cooking and selling methamphetamine and could be found with the drugs in a red Ford vehicle.

(b) Later that day, Maysville Police officers located the Defendant in a red Ford vehicle and initiated a traffic stop. Officers conducted a probable cause search of the vehicle and recovered suspected methamphetamine and marijuana, and two firearms: (1) a weapon made from a Harrington and Richardson Topper model 88, 12-gauge shotgun, bearing serial number AX472867, that had been modified to have an overall length of less than 26 inches and a barrel length less than 18 inches, and (2) a ZhongZhou Machine Works, model JW-200, 12-gauge shotgun, bearing serial number JWC108214. The Defendant admitted to officers that he purchased, fixed, and sold guns in exchange for money. Officers also recovered approximately 0.155 grams of a heroin-fentanyl mixture from a search of the Defendant's person.

(c) The Defendant admits that he knowingly possessed the firearms charged in the Indictment. Both firearms were operable at the time the Defendant possessed them. The Harrington and Richardson firearm was manufactured in Massachusetts and, therefore, traveled in interstate commerce prior to being recovered in Kentucky. The ZhongZhou Machine Works firearm was manufactured in China and, therefore, also traveled in interstate commerce prior to being recovered in Kentucky.

(d) The Defendant further admits that he knew the characteristics of the Harrington and Richardson firearm, namely, that it is a weapon made from a shotgun that had been modified to have an overall length of less than 26 inches and a barrel length of less than 18 inches. The Defendant admits that the firearm was not registered to him in the National Firearms Registration and Transfer Record.

(e) The Defendant was previously convicted of two felony offenses: Failure to Comply with an Order or Signal of a Police Officer (Ohio, 2021), and Aggravated Trafficking in Drugs (Ohio, 2021), and the Defendant admits that he knew he was a felon at the time he possessed the firearms.

5. The statutory punishment for Count 1 is not more than 15 years imprisonment, a $250,000 fine, and 3 years of supervised release. The statutory punishment for Count 2 is not more than 10 years imprisonment, a $250,000 fine, and 3

years of supervised release. A mandatory special assessment of $100 per count applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing.

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) United States Sentencing Guidelines (U.S.S.G.) November 1, 2023, manual will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes, but is not limited to, the facts outlined in paragraph 4.

(c) Pursuant to U.S.S.G. § 2K2.1(a)(4)(B), the base offense level is 20 because the offense involved a firearm that is described in 26 U.S.C. § 5845(a) and the Defendant was a prohibited person at the time the Defendant committed the instant offense.

(d) It is the position of the United States that the offense level should be increased by 4 levels under U.S.S.G. § 2K2.1(b)(5) because the Defendant engaged in the trafficking of firearms. The Defendant reserves the right to contest the application of this enhancement.

(e) It is the position of the United States that the offense level should be increased by 4 levels under U.S.S.G. § 2K2.1(b)(6)(B) because the Defendant used or possessed any firearm in connection with another felony offense; or possessed or transferred any firearm with knowledge, intent, or reason to believe that it would be used or possessed in connection with another offense, such felony including, but not necessarily limited to, possession of controlled substances. The Defendant reserves the right to contest the application of this enhancement.

(f) Pursuant to U.S.S.G. § 3E1.1, and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. Since the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapters 5, Parts H or K.

9. With the exception of the Defendant's right to appeal the District Court's order denying his motion to dismiss Counts 1 and 2 of the Indictment [R. 14: Motion to Dismiss; R. 22: Opinion and Order] as specified in paragraph 1 of this Agreement, the Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty, as set forth in the forfeiture allegation of the. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise

contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he/she already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein, he consents to the forfeiture of any other property of his, up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his financial information or with any releases required to

obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court

imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 11/20/23        By: _____
Kyle M. Winslow
Assistant United States Attorney

Date: 11/21/2023       _____
Dalton Samuel Brooks
Defendant

Date: 11/21/2023       _____
Steve Howe
Attorney for Defendant

9