UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 23-26-DLB-CJS

UNITED STATES OF AMERICA                                                                  PLAINTIFF

V.                    UNITED STATES'S SENTENCING MEMORANDUM

DALTON SAMUEL BROOKS                                                                       DEFENDANT

* * * * *

Pursuant to the Court's Order, the United States submits the following Sentencing Memorandum. After having been convicted of drug trafficking, the Defendant possessed two firearms and admitted to selling firearms for profit. As set forth below, the United States recommends a sentence of 64 months imprisonment followed by three years of supervised release.

**I.    Factual Background**

    **A.    The Defendant's Offense Conduct**

On April 13, 2023, Maysville Police received an anonymous tip that the Defendant cooked and sold methamphetamine, and that he possessed the drugs in a specific vehicle. Officers located the vehicle shortly thereafter and initiated a traffic stop. [Presentence Investigation Report (PSR) ¶ 7.] Upon approaching the vehicle, officers observed the Defendant (the sole occupant), and detected a marijuana odor emanating from the vehicle. The officers ordered the Defendant out of the vehicle. [*Id*.] During a

subsequent search of the vehicle, officers uncovered two shotguns, including one that was "sawed off." [*Id*.]  The Defendant admitted to officers that he purchased and sold firearms for money.  [*Id*.]  Officers also found approximately one-half gram of methamphetamine, suspected marijuana, and a digital scale in the vehicle, and a heroin/fentanyl mixture on the Defendant's person.  [*Id*.]

      **B.**      **Procedural History and Guidelines Range**

On June 8, 2023, the grand jury charged the Defendant with possession of firearms by a convicted felon (Count 1) and possession of an unregistered firearm, for the sawed-off shotgun (Count 2). [R. 1: Indictment.]  On November 22, 2023, the Defendant pleaded guilty to both counts pursuant to a plea agreement.  [R. 28: Plea Agreement.]  The plea agreement recommended a base offense level 20.  [*Id*. ¶ 6.]  A four-level increase applies under U.S.S.G. § 2K2.1(b)(6)(B) because the Defendant used or possessed any firearm in connection with another felony offense.  [PSR ¶ 15.]  Here, the Guidelines suggest a term of imprisonment of 57-71 months.  [*Id*. ¶ 65.]

**II.**      **Objections to the Presentence Investigation Report**

There are no objections to the PSR.

**III.**      **Recommended Sentence**

Considering the factors under 18 U.S.C. § 3553(a), a sentence of 64 months imprisonment followed by three years supervised release is sufficient but not greater than necessary to account for the nature and circumstances of the offense, the history and characteristics of the Defendant, and the needs to promote respect for the law, provide just punishment, and to afford adequate deterrence to criminal conduct.

The possession of a firearm by a convicted felon is an inherently serious offense. *See United States v. Carnes*, 309 F.3d 950, 957 (6th Cir. 2002). Here, the Defendant, a convicted drug trafficker and admitted firearms dealer, possessed two firearms, including a sawed-off shotgun, while simultaneously possessing methamphetamine and a heroin/fentanyl mixture. The presence of these aggravating factors makes this offense an exponentially more serious crime and warrants a strong sentence.

The Defendant's history and characteristics also support a sentence of 64 months imprisonment. Although much of the Defendant's criminal history consists of a variety of misdemeanor convictions, the Defendant is on an increasingly serious criminal trajectory. The fact that the Defendant committed the instant offense while on active supervision for drug trafficking and fleeing police shows a serious lack of respect for the law and a heightened need for specific deterrence.

General deterrence is also an important factor here. The combination of dangerous firearms and drugs poses a serious danger to the community at large. A Guideline sentence of 64 months imprisonment will provide just punishment for this conduct and greater deterrence to other criminals engaged in such conduct.

**IV.    Conclusion**

For the foregoing reasons, the Defendant should be sentenced to a term of 64 months imprisonment followed by three years of supervised release.

        Respectfully submitted,

        CARLTON S. SHIER, IV
        UNITED STATES ATTORNEY

By:   /s/ Kyle M. Winslow
        Assistant United States Attorney
        207 Grandview Drive, Suite 400
        Ft. Mitchell, Kentucky 41017
        (859) 655-3200
        FAX (859) 655-3212

## CERTIFICATE OF SERVICE

    I hereby certify that on March 21, 2024, I filed the foregoing using the CM/ECF system, which will automatically send a notice of electronic filing to counsel for the Defendant.

        /s/ Kyle M. Winslow
        Assistant United States Attorney