**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**

**CRIMINAL ACTION NO. 2:23-cr-26 DLB-CJS**

**UNITED STATES OF AMERICA**                                      **PLAINTIFF**

**v.**

**DALTON SAMUEL BROOKS**                                    **DEFENDANT**

**\*ELECTRONICALLY FILED\***
**SENTENCING MEMORANDUM**

Comes now the Defendant, **DALTON SAMUEL BROOKS,** and hereby sets forth the following as his Sentencing Memorandum. Mr. Brooks respectfully requests that he be given a sentence that is "sufficient, but not greater than necessary" pursuant to 18 USC 3553(a).

As reflected in the Pre-Sentence Report Mr. Brooks grew up financially poor. His family frequently moved around, sometimes staying in domestic violence shelters. This caused Mr. Brooks to fall behind in school. As set out in the attached character letter, Mr. Brooks watched his mother struggle with addiction during his formative years. Mr. Brooks left the parental home at the age of sixteen and began residing with various friends. Mr. Brooks states that he has been diagnosed with anxiety, bi-polar disorder and ADHD. Upon Mr. Brooks reaching the age of 18, he was no longer treating his illnesses and began using illegal substances. Attached are letters describing Mr. Brooks and his circumstances as he was growing up.

The guidelines are calculated correctly and reflect the seriousness of the offense. He has an offense level of 21 with a criminal history category of IV. It should be noted

that he is receiving a 4 point increase in his guidelines as a result of having a minimal amount of controlled substances in his possession. (0.155 grams, containing heroin and fentanyl; 0.482 grams containing methamphetamine). This is possession under the laws of the Commonwealth of Kentucky. However, the increase of 4 levels results in an increase in the recommended guideline sentence from 37-46 months to 57-71 months. The inflation of the guideline results in an unwarranted sentence that does not reflect corresponding 3553(a) factors.

## SUGGESTED SENTENCE

The attached letters also indicate that he has family support upon his release. Unfortunately, it appears substance abuse runs through his family. However, it also appears that as his relatives have grown older they have made life changes that are for the better. Mr. Brooks recognizes that he is now at a crossroads. A 47 month sentence would be the longest prison sentence he has served. He has spent now approximately one year of this sentence in county jail facilities with 24/7 lockdown. He has been prescribed Buspar while in custody and realizes the benefits of medicating with a prescription and not an illegal substance. He desires to be placed in a federal facility that has training, classes, and mental health services so that upon his release he can be successful.

Based upon the Defendants criminal history category and total offense level the sentencing guideline range would be 57-71 months. The Defendant is requesting a 47 month sentence with credit for time served. It is also requested that he be provided mental health treatment while incarcerated and services in the community once released. This would result in a sentence that is "sufficient, but not greater than necessary" pursuant to 18 USC 3553(a).

        STEVEN N. HOWE, P.S.C.

        _S/Howe_____
        STEVEN N. HOWE
        Attorney for Defendant Brooks
        507 North Main Street
        Williamstown, KY 41097
        (859) 824-0500 telephone
        stevenhowe@howeattorney.com

## **CERTIFICATE OF SERVICE**

On March 21, 2024 I electronically filed this document through the ECF system, which will send a notice of electronic filing to: Kyle Winslow, AUSA Office, 207 Grandview Drive, Ft. Mitchell KY 41017.

        __S/Howe_____
        STEVEN N. HOWE